The opinion of the Court was delivered by
Ikglis, A. J.
The defendant below, by a policy of insurance of 15th October, 1858, for the consideration of a premium of twenty dollars paid, undertook to “ make good ’’ to the plaintiff, to any amount not exceeding one thousand dollars, “all such immediate loss or damage” as should happen by fire to his stock of merchandise contained in a building, the location of which is particularly described therein, at any time between the 7th of July, 1858, and the 1st July, 1859. On the 4th of November, 1858, and therefore during the currency of the policy, the building occupied by the plaintiff as described, in some unexplained way took fire, and damage resulted immediately therefrom, to the insured stock of merchandise. The parties not agreeing as to the fact of the defendant’s liability under the circumstances, or in an estimate of the plaintiff’s damage^ an action became necessary. On the trial of this action, *218 the jury found the defendant’s breach of the contract, and assessed the plaintiff’s damages by reason thereof at seven hundred dollars, and from this finding the defendant has appealed to this Court. The grounds of discontent with the judgment below, do not assign any error of law in the ruling or charge of the judge.
Every case made for adjudication in whatever forum, necessarily involves questions both of law and of fact, although often those of the one or the other class only are brought into actual dispute. It is one of the characteristic distinctions of a suit at common law, that the issues of fact and the issues of law are kept as far as possible distinct from each other, and at least are severally referred for trial to separate tribunals or departments of the Court. In this distribution, facts that are to constitute elements in the final judgment are to be found by the jury. The judge presiding at the trial of the cause, can no more lawfully decide the disputed questions of fact, than can the jury lawfully determine the issues of law made by the parties. It does not, however, follow from this, that an appellate tribunal, reviewing the judgment of the Court below and inquiring whether there is error in that, may not examine the conclusions of fact that are elements therein, as well as those of law. It is the peculiar function of such a tribunal to take care, so far as is possible to human judgment, that “ unrighteous decrees ” shall not be sanctified by the forms of law. But the unrighteousness must be well ascertained. Certainty of law is more attainable than certainty of fact, and error in the former is consequently the more easily discerned. From the peculiar constitution of juries their conclusions of fact from evidence, when no disturbing cause has interfered with the legitimate operation of the judgments of' those who compose them, are in fact, and not in theory merely, more likely to be correct. Only, therefore, when some obliquity, moral or intellectual, seems clearly to the reviewing Court to have so interfered, is it safe so *219 far to apprehend error as to set aside their finding. When¡ however, in the judgment of such Court the verdict is wholly without evidence to support it, still more when it is directly against the entire evidence, and even when the preponderance of the evidence is manifestly in opposition to it, and especially when in any of these cases the impression made upon the mind of the presiding judge concurs with the view of the Court above, the apprehension thereby excited, that negligence, caprice, partiality, corruption, misunderstanding, or other such cause has been disturbing the just exercise of their judgments, will not permit such verdict to be final and conclusive upon the rights of the parties. In this case, however, the Court does not undertake to decide the issues of fact; it only refers them to another jury. The right of trial by jury is not impaired; only the trial by the particular jury is interfered with.. And the exercise of such a supervision is the more necessary now, since some of the most effective remedies for false-verdicts known to earlier stages of our jurisprudence, are: no longer in use. If, therefore, this Court could concur ia the appellant’s criticisms upon the present verdict, it would, be its duty to order a new trial, and of course it would not hesitate to do so. Such, however, is not the case.
The single inquiry, to the jury’s solution of which exception is taken, is what immediate damage happened to the plaintiff’s insured stock by the fire, which occurred during the term of insurance. The jury may have been of opinion that the insurance effected covered the full value of the insured stock, in which case, according to the twentieth article of the constitution of the company, which was incorporated into the contract, the defendant was bound to pay for the whole stock and take such portion thereof as was saved. In this view, their estimate of the value of the stock at the time of the fire must have been based upon the depreciating testimony, as to its condition and extent, of the witnesses Wagner, Stelling, Hastedt, Bross and *220 Wethers, and the verdict may then have been attained by adding to such estimate, interest from the day of the fire to the time of the trial, and although it may not be easy for the Court to make precisely the same calculation which in the judgment of the jury so resulted, enough of the probable elements of such a calculation can be discerned in the testimony to forbid a judgment that the verdict is in contradiction of, or without support in, the evidence. This view may afford an explanation of what the jury intended by the addition of the words “ without interest,” that is, that the sum found, represented the plaintiff’s damage from the defendant’s breach of the contract, and not that merely which resulted immediately from the fire.. Or, again, it may have been the opinion of the jury, that the insurance was for less than the full amount of the property, in which case, according to the same article, the defendant was to pay only the actual damage by the fire, not exceeding however the amount of the insurance, and the plaintiff to retain the rescued portion of the stock, if any. In this view their estimate of the value of the stock at the time of the fire must have been formed upon the testimony of the plaintiff Plate himself, and of the witnesses Thompson, Warnken, Kowatzki, Shultze, Hube and Bischoff, taken .together, and the actual loss or damage ascertained by deducting therefrom the value of the stock as left by the fire, as the extent and condition of the same is represented by the testimony of the witnesses first above named. In this mode of interpreting the evidence, seven hundred dollars may not unfairly represent the actual loss in value, immediately resulting lrom the fire at the time. And it cannot escape observation, that this view is well supported by the conduct of the defendant, in the offer made immediately after the fire and upon an inspection of the premises, as testified by the witness Stelling. That the jury have withheld from the plaintiff interest upon the sum so representing his immediate damage, from the day *221 of its happening or from the expiration of sixty days thereafter, such interest being the proper damages resulting from the defendant’s breach of the contract to pay the immediate loss, might perhaps have been a just ground of discontent on the plaintiff’s part, but it is not perceived how it can aid the defendant’s appeal.
It is objected, however, .that by the twenty-third article of the constitution of this company, and so by one of the stipulations of the contract of the parties, the plaintiff was bound to use all reasonable diligence in saving and preserving the property insured, and on his failure to do so, the company is not responsible for loss or damage in consequence of such neglect. This obligation of the assured is by the terms of the article confined to the rescue and protection of the insured property, “ in case of fire, or of exposure to loss or damage by fire,” that is, from destruction by the fire while in progress, and from the dangers of loss or damage incident to such a state of things. The plaintiff’s insured stock having .been damaged by fire, the defendant was by the terms of the contract bound to make the damage good. If the whole or any part of the damage for which the defendant was thus called upon to respond, resulted from the plaintiff’s failure to use all reasonable diligence in saving and preserving the property as required by this stipulation, to that extent the defendant was discharged from responsibility. But this was matter of de-fence to operate according to its extent, as a bar to, or in abatement of the plaintiff’s recovery of damages. The fact, therefore, of such default in duty, and the measure of the consequent loss or damage, were matters to be made out in proof by the defendant. As no complaint is made of defect or omission in the judge’s charge, it must be assumed that this matter was duly submitted to the consideration of the jury. Whether they considered any such default proved, and so took an estimate of such proportion of the actual loss as was in their judgment to be attributed to it, *222 {is an element in tbeir ultimate conclusion as to tbe plaintiff’s net loss fairly chargeable to the defendant, this Court has no means of determining. But if they did not do so, it is not seen that by such omission they did any violence to the evidence. When the fire had already burst out and was making progress, when the interior of the building from which the plaintiff had just escaped was in flames, when the engines, the firemen and the neighbors were already on the spot, the plaintiff was met retiring to the house of his relative a short distance from the scene. Prom the nature of some of the articles composing the stock, and from the conduct of those who first reached the burning-building, it might well have been considered, that to be within the store, before the fire had been subdued by ex: ternal means, involved a peril which this stipulation could not require the plaintiff to incur. The evidence does not show that by remaining he could have saved and preserved ” any part of the insured property, still less does it furnish any elements for an estimate of “loss and damage consequent upon his neglect.” The defendant had notice of the fire at once, and could not be wronged by any want of care on the plaintiff’s part after the fire. If the insurance was for the full value of the stock, the remnant left by the fire became forthwith the property of the defendant, who was bound thenceforward to take care of it. If the insurance was for less than the full value, loss or damage resulting from the plaintiff’s subsequent neglect, was not a part of the immediate damage by fire, and does not appear to have entered as an element into any calculation by which the jury in that view attained the conclusion expressed in the verdict.
The motion for a new trial is dismissed.
DuNKiN, C. J., and Wakdlaw, A. J., concurred.

Motion dismissed.